IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND ANTHONY NEYER et al., | No. CIV S-09-1671-GEB-CMK |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| GMAC HOMECOMINGS FINANCIAL BANK, et al., | |
| Defendants. | |
| _____ / | |

Plaintiffs bring this civil action alleging banking fraud in the context of their home mortgage. Plaintiffs seek, among other things, an order to enjoin or set aside a foreclosure sale. In essence, plaintiffs allege that defendants have failed to produce a "mortgage audit trail" and that without such a trail any foreclosure is invalid. Pending before the court is defendants' amended motion to dismiss (Doc. 10).[1]

/ / /

/ / /

---

[1] The original motion, which was noticed for hearing before the District Judge, was amended to set the matter for hearing before the Magistrate Judge.

1

In response to the motion to dismiss, plaintiffs filed both an opposition (designated "reply") and a "Changed Pleading Reply to Amended Notice of Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim."  This document is not designated or styled as an amended complaint and, therefore, does not supercede the original complaint which defendants challenge by way of their motion to dismiss.  Rather, it appears to be a "legal brief" in support of their opposition to defendants' motion.

The matter was heard on August 27, 2009, at 10:00 a.m. before the undersigned in Redding, California.  Lawrence Harris, Esq., appeared for defendants and plaintiffs' appeared pro se.

## I.  BACKGROUND

In their complaint, plaintiffs provide the following "Opening Statements for Causes of Action":

> May it please the court to first consider plaintiffs' prior efforts to resolve the conflicts that have resulted in this formal complaint.
> <u>Plaintiffs made over fifty timely monthly payments</u> including two large payments for the last two months.  In January 2009 GMAC Homecomings Financial Bank misapplied our timely mortgage payment.  In February GMAC Homecomings Financial Bank sent the payment back and refunded to bill the borrowers/plaintiffs.  The GMAC Homecomings Financial Bank then filed a Fraudulent Foreclosure that lacked the required MORTGAGE AUDIT TRAIL, which is suppose [sic] to explain each charge, credit and debit in understandable terms for the entire period of the loan since 2005.
>
> * * *
>
> That said, <u>we do not</u> owe the money currently demanded because there is no lawful, coherent and rational explanation of the charges, credits and debits which MUST BE PROVIDED in a lawful non-judicial foreclosure.  Out receipts tell an entirely different story than Homecomings alleges.  The Burden of Proof at this point is on the Lender for their fraudulent foreclosure.  Homecomings vaporware cannot be compared to our documents.
>
> * * *

/ / /

2

The missing and required MORTGAGE AUDIT TRIAL for the current Homecomings' foreclosure process has never been provided to plaintiffs as borrowers, our attorney Mr. Reed has repeatedly requested a Foreclosure Accounting since April 2009, without any success.

In their motion to dismiss, defendants recite the following background information:[2]

1. Plaintiffs are the owners of real property located at 1685 County Road 70, Canby, California;

2. On March 1, 2005, plaintiffs executed a promissory note secured by a deed of trust encumbering the property;

3. Plaintiffs are the borrowers, Homecomings Financial LLC (erroneously sued as GMAC Homecomings Financial Bank, "Homecomings") is the lender, Mortgage Electronic Registration Systems, Inc., ("MERS") is the beneficiary, and Modoc County Title ("MCT") was the original trustee;

4. ETS Services LLC ("ETS") was substituted in place of MCT on March 2, 2009;

5. ETS recorded a notice of default on March 2, 2009;

6. The defaults were not cured and ETS recorded a notice of trustee sale on June 4, 2009; and

7. The publication of the notice of sale was cancelled and no trustee sale is imminent.

## II. DISCUSSION

Plaintiffs' complaint alleges five groups of "violations." The first four purportedly are based on violations of various federal criminal statutes. The fifth "violation" is based on alleged defects in state law relating to the trustee sale proceeding. In their motion to dismiss, defendants raise five interrelated: (1) plaintiffs have not met the minimum standard of "plausibility" required to state a claim upon which relief can be granted; (2) the complaint does not present a "short and plain statement" of the claims and it not "simple concise, and direct" because it is unclear which parties are being sued; (3) plaintiffs cannot state a claim based on

---

[2] Defendants seek judicial notice of documents reflecting these facts. The request for judicial notice should be granted.

violation of any federal criminal statute; (4) plaintiffs have failed to plead fraud with sufficient particularity; and (5) plaintiffs have failed to plead any statutory defect in the trustee sale proceeding.

### A.     Claims Based on Violation of Federal Criminal Statutes

Plaintiffs allege violation of various federal criminal statutes, including 18 U.S.C. §§ 371, 1343, 1345, 3322, and 1512.

#### 1.     §§ 371, 1343, and 3322

Section 371 of Title 18 involves conspiracy to commit any offense against the United States, or to defraud the United States or any agency thereof.  As defendants note, plaintiffs allege that defendant Homecomings is a recipient of federal funds under the TARP program and that the subject property will be sold "for $76,000.00 without paying the federal tax lien of over $20,000.00."  Defendants argue that, to the extent this represents an allegation that defendant Homecomings either has or intends to defraud the IRS, "[even if there were a fraud upon the IRS, Plaintiffs would not have standing to bring an action for fraud, as they are not the holders of the lien or the party purportedly defrauded, and only the U.S. Attorney or the Attorney General can enforce this statute."  Moreover, defendants are correct in observing that any properly noticed mortgage foreclosure extinguishes junior liens, even tax liens.  See 26 U.S.C. § 7425.  Finally, in any event, no foreclosure sale has occurred.

Sections 1343 and 3322 relate to mail fraud and bank fraud, respectively. Defendants correctly note that plaintiff cannot pursue such claims because there is no fraud inherent in a properly noticed foreclosure and, in any event, no foreclosure has occurred. Furthermore, these statutes do not provide for a private cause of action.

/ / /

/ / /

/ / /

/ / /

### 2. § 1345

Section 1345 provides for injunctions against fraud. As defendants correctly note, the statute only allows for a civil action to be commenced by the Attorney General. See e.g. 18 U.S.C. § 1345(a)(1). Therefore, as a matter of law, plaintiffs cannot sustain a civil action under this criminal statute.

### 3. § 1512

Section 1512 relates to obstruction of justice. Because this statute provides for criminal penalties for obstructing an official proceeding, plaintiff's cannot sustain a claim under this statute because the foreclosure at issue is not an official proceeding.

### B. Defects in Foreclosure Process Under State Law

The only remaining category of claims remaining in plaintiffs' complaint relates to alleged defects under state law in the foreclosure process, set forth at pages 13 through 26 of the complaint. Regardless of whether plaintiffs have sufficiently pleaded state law claims, because there are currently no cognizable federal claims alleged in the complaint, this court does not have supplemental jurisdiction over any claims based on state law. Essentially, plaintiffs' claims should have been raised in an action filed in state court.

### III. CONCLUSION

Plaintiffs' action is essentially a "produce the note" action intended to delay a non-judicial foreclosure. Such claims have universally been rejected. See e.g. Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995 (N.D. Cal. 2009); Puktari v. Reconstruct Trust Co., 2009 WL 32567 (S.D. Cal. 2009); see also California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432 (1935) (holding that production of the original note is not required in a non-judicial foreclosure). However, in their briefs and at oral argument, plaintiffs suggest that they may be able to state a claim based on violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. Defendants indicated at oral argument no opposition to providing

plaintiffs an opportunity to amend to state a claim under RESPA.  If plaintiffs are able to successfully plead a claim based on violation of federal law, the court will then consider whether to exercise supplemental jurisdiction over plaintiffs' state law claims.  Plaintiffs should not, however, be permitted to re-allege any claims based on violation of federal criminal statutes, which should be dismissed with prejudice.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 10) be granted;

2. Any claims based on violation of federal criminal statute be dismissed with prejudice; and

3. Plaintiffs' complaint be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 18, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE