# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

LELAND ANTHONY NEYER et al.,   No. CIV S-09-1671-GEB-CMK

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

GMAC HOMECOMINGS
FINANCIAL BANK, et al.,

    Defendants.

_____/

      Plaintiffs bring this civil action alleging banking fraud in the context of their home mortgage. This action proceeds on plaintiffs' amended complaint (Doc. 34). Plaintiffs seek, among other things, an order to enjoin or set aside a foreclosure sale. In essence, plaintiffs allege that defendants have failed to produce a "mortgage audit trail" and that without such a trail any foreclosure is invalid. Pending before the court is defendants' amended motion to dismiss (Doc. 40) plaintiffs' amended complaint.

/ / /

/ / /

/ / /

1  The matter was heard before the undersigned in Redding, California.  Ronald
2  Burns, Esq., specially appeared for defendants and plaintiffs appeared pro se.  After the hearing,
3  plaintiffs submitted a document entitled "Notice of Motion and Motion Citing Ignored Initial
4  Disclosures; Memorandum of Points and Authorities; Request for Judicial Notice" (Doc. 50),
5  which the court will consider as plaintiffs' opposition to defendants' motion to dismiss.

### I.  BACKGROUND

In addressing the prior motion to dismiss, the court's findings and recommendations stated:

> Plaintiffs' action is essentially a "produce the note" action intended to delay a non-judicial foreclosure.  Such claims have universally been rejected.  See e.g. Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995 (N.D. Cal. 2009); Puktari v. Reconstruct Trust Co., 2009 WL 32567 (S.D. Cal. 2009); see also California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432 (1935) (holding that production of the original note is not required in a non-judicial foreclosure).  However, in their briefs and at oral argument, plaintiffs suggest that they may be able to state a claim based on violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.  Defendants indicated at oral argument no opposition to providing plaintiffs an opportunity to amend to state a claim under RESPA.  If plaintiffs are able to successfully plead a claim based on violation of federal law, the court will then consider whether to exercise supplemental jurisdiction over plaintiffs' state law claims.  Plaintiffs should not, however, be permitted to re-allege any claims based on violation of federal criminal statutes, which should be dismissed with prejudice.

The findings and recommendations were adopted in full and plaintiffs were granted leave to amend (which defendants did not oppose). In the amended complaint, plaintiffs set forth the following allegations relating to RESPA:

> 1. "Homecomings failed to offer the RESPA required 10 day Notice & Waiver of first lien priority of Modoc County Tax Collector to plaintiffs that would have allowed the Modoc County Tax Collector to subordinate their lien to Homecomings and thereby eliminate any threat to Homecomings lien." (Am. Comp. ¶ 13, p. 6).

///

///

  2. "On May 26, 2009, plaintiffs document cited as a Qualified Written Request under RESPA had nine attached Exhibits that in totem clearly stated cited plaintiffs' Cause of Action pursuant to [the Truth In Lending Act]. See Exhibits 12 & 13." (Am. Comp. ¶ 28, p. 12).[1]

In their "Memorandum of Points and Authorities in Support of 3rd Amended Complaint" (Doc. 35), plaintiffs add:

  1. "Under Section 6 of RESPA, borrowers who had a problem with the servicing of their loan (including escrow account questions), have lawfully required defendants to reply without success." (P&As ¶ 10, p. 4).

  2. "Homecomings, GMAC Mortgage, G.M., the defendants, and their counsels have failed to comply with the terms of RESPA, sec. 6 despite the repeated requests of Plaintiffs." (P&As ¶ 23, p. 8).

  3. "Homecomings' breached RESPA by intentionally, recklessly or negligently compiling erroneous loan history information concerning Plaintiffs and by failing to properly research and rescind such ruinous information within a reasonable time and without charge." (P&As ¶ 24, p. 8).

## II.  STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

 [1] As defendants correctly note, the exhibits packet submitted with the amended complaint (see Doc. 36) contains Exhibits 1 through 10.  There are no Exhibits 12 or 13.

1         Rule 8(a)(2) requires only "a short and plain statement of the claim showing that
2 the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is
3 and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)
4 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for
5 failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic
6 recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
7 raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain
8 "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has
9 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
10 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at
11 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more
12 than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.
13 at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,
14 it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.
15 (quoting Twombly, 550 U.S. at 557).

16         In deciding a Rule 12(b)(6) motion, the court generally may not consider materials
17 outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
18 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)
19 documents whose contents are alleged in or attached to the complaint and whose authenticity no
20 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
21 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
22 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
23 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
24 1994).
25 / / /
26 / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

In the current motion to dismiss, defendants argue that plaintiffs fail to state a claim under RESPA and cannot do so.[2]  Defendants begin by arguing that, even if plaintiffs' May 2009 document constituted a Qualified Written Request ("QWR") under RESPA, no response was due until after this action was filed. Essentially, defendants contend plaintiffs' RESPA claim is premature:

> . . . It should be noted that the original complaint in this matter was filed on June 17, 2009, before either an acknowledgment of, or a response to, the alleged QWR was due [12 U.S.C. § 2605(e)(1)(A) & (2)]. The QWR was dated May 25, 2009, and was received by Homecomings on June 2, 2009 [Complaint ¶ 28, Exhibit 6]. The response to a "qualified written request" is due 60 days from receipt thereof [12 U.S.C. § 2605(e)(2)]. Therefore, Plaintiffs filed this action before Homecomings was required to respond, and before Plaintiffs would have had an opportunity to review the response for statutory compliance (the response to the QWR was dated June 22, 2009).

Defendants next argue that plaintiff's May 2009 document does not qualify as a QWR requiring a response under RESPA:

> . . .While the purported QWR is not before the Court, it is apparent that it is not a QWR at all. Plaintiffs characterize the alleged QWR as consisting of nine exhibits and stating a cause of action under TILA [Complaint ¶ 28]. Plaintiffs are evidently confused or have been misinformed about the purpose of a QWR. A qualified written request is not a pleading or a document in which a cause of action may be asserted, least of all under TILA. As the name suggests, it is a *request for information*. . . . (italics in original).

---

[2] Because leave to amend was granted only to allow plaintiffs an opportunity to state a claim under RESPA, whether plaintiffs have now successfully done so is the only question before the court. It is not necessary, therefore, to address defendants' other arguments in favor of dismissal (i.e., the amended complaint does not comply with Rule 8, etc.).

Defendants then cite to the relevant provision of RESPA, 12 U.S.C. § 2605(e), as follows:

> If any servicer of a federally related mortgage loan received a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response. . . .  For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that –
>
> (i) includes, or otherwise enables the servicer to identify the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Defendants correctly state that a proper QWR relates to the servicing of a loan and sets forth reasons why the account is in error.  Anything else is not a QWR.  See MorEquity, Inc. v. Naeem, 118 F. Supp. 2d 885 (N.D. Ill. 2000).  Defendants conclude that, because plaintiff's purported May 2009 QWR "clearly stated cited plaintiffs' Cause of Action pursuant to TILA," it was not a true QWR.

Nonetheless, defendants state that they elected to treat the May 2009 document as a QWR under RESPA and provided the required response in a timely manner.  Defendants state:

> . . .In Homecomings' response to the alleged QWR [Complaint, Exhibit 6], Homecomings explained that the subject loan originally did not have an escrow account for real estate taxes and property insurance, but that such an escrow was established after plaintiffs failed to pay the taxes, and Homecomings was compelled to advance its own funds to preserve the priority of its mortgage lien. . . .

Defendants note that such advances by a lender and the establishment of an escrow or "impound" account is authorized by RESPA Regulation X.  See 12 U.S.C. § 2605(g).

Finally, defendants argue:

> Homecomings fully complied with RESPA and the Deed of Trust in establishing the escrow account and fully responded to Plaintiffs' purported QWR.  Defendants are not required under RESPA to "produce documents" including a "mortgage audit trail."  While the complaint is confusing and violates Rules 8(a) and (d) in that it is close to

6

unintelligible, it appears that Plaintiffs are not asserting a RESPA claim at all, but are rather attempting to dress up a state-law claim *for an accounting* as a federal RESPA claim. . . . (italics in original).

The court finds that this final argument accurately and succinctly summarizes plaintiffs' amended complaint. Defendants' motion should be granted and this action should be dismissed for lack of subject matter jurisdiction because the amended complaint does not state a federal claim. The court also finds that further amendment to the complaint would not cure this defect. Plaintiffs' remedies, if any, lie in state court.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 40);

2. All other pending motions be denied as moot; and

3. This action be dismissed without leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE